# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:19-CV-00308-KDB

| | |
|---|---|
| TINA RUTH WORLEY, **Plaintiffs,** v. ANDREW M. SAUL, **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. No. 10) and Defendant's "Motion for Summary Judgment" (Doc. No. 11), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision of the Social Security Administration on her application for a period of disability and disability insurance benefits.

Having reviewed and considered the written arguments, administrative record and applicable authority, and for the reasons set forth below, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision will be **AFFIRMED**.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs and in the August 27, 2019 decision of the Appeals Council, which stands as the final decision of the Commissioner with respect to Plaintiff's claims for Social Security benefits.

1

Plaintiff filed the present action on October 25, 2019. She assigns error to the Administrative Law Judge's formulation of her Residual Functional Capacity ("RFC"),[1] specifically, the ALJ's alleged failure "to do an in-depth review and analysis of the Plaintiff's mental health history and non-exertional limitations." *See* Plaintiff's "Brief ..." at 3 (Doc. No. 10-1). Plaintiff does not, however, raise any specific objections to the decision of the Appeals Council, which vacated the ALJ's decision and, as noted, is the operative decision now on appeal.

## II. **DISCUSSION**

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the Appeals Council was whether Plaintiff was disabled during the relevant time.[2] Even in the absence of any specific objection to the controlling decision of the Appeals Council,[3] the Court has carefully reviewed the record, the authorities and the parties'

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…*Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

[3] In the absence of an objection to the decision of the Appeals Council, the Court need not consider the Plaintiff's arguments with respect to the ALJ decision as applicable to the decision of the Appeals Council. *See Whiteside v. Berryhill*, No. 1:18-CV-00176-FDW, 2019 WL 1639936, at *3 (W.D.N.C. Apr. 16, 2019) (citing *Sanders v. Berryhill*, No. 1:16-CV-0236-MOC-DLH, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) ("It is not the role of this Court to recraft a legal argument submitted by counsel or make counsel's legal argument for him or her;

arguments with respect to that decision and finds that the Appeals Council applied the correct legal standards and its conclusion that Plaintiff was not disabled is supported by substantial evidence. Indeed, mental RFC assessments are highly individualized and fact-specific. *See* SSR 85-15, 1985 WL 56857, at *5-6 (S.S.A 1985). The regulations explain that the degree of limitation "does not necessarily reflect a specific type or number of activities, including activities of daily living, that [a claimant has] difficulty doing." 20 C.F.R. 404, subpt. P, app.1 § 12.00(F)(2)-(3)(d). Thus, evidence supporting a moderate limitation in an area of mental functioning and corresponding RFC limitations will vary depending on the facts of the case. *See Biestek*, 139 S. Ct. at 1157 ("The inquiry, as is usually true in determining the substantiality of evidence, is case-by-case.").

The Appeals Council properly applied the psychiatric review technique, also known as the "paragraph B criteria," and evaluated Ms. Worley's symptoms to determine the RFC (Tr. 10-23). *See* 20 C.F.R. §§ 404.1520a, 404.1529(c). In doing so, the Appeals Council discussed Ms. Worley's treatment history and precipitating or aggravating factors in addition to the objective findings in the record, *see* 20 C.F.R. § 404.1529(c), and determined that Ms. Worley could sustain the concentration, persistence, and pace required to perform simple, routine tasks (Tr. 12-23).[4] In

---

this Court's role is to rule on the specific legal arguments presented by counsel"). Nevertheless, the Court has thoroughly reviewed the Appeals Council's decision to determine whether it meets the governing standard of support by substantial evidence.

[4] In its decision, the Appeals Council acknowledged Ms. Worley's allegations and her history of mental health treatment consisting of outpatient therapy and medication management (Tr. 17-19), but noted inconsistencies in Ms. Worley's reporting, passive treatment, and significant gaps in treatment during the relevant period (Tr. 11, see e.g., Tr. 605-07 (Ms. Worley alleged memory problems but demonstrated intact memory functions during the mental status examination); Tr. 17, 962-1065 (Ms. Worley reported that she was depressed but not taking medication in 2013 and her mental status examination findings were stable); Tr. 18, 613 (Ms. Worley reported intermittent depression and anxiety and reported being off medications in early 2015); Tr. 19, 962-1065 (Ms. Worley returned to therapy after not attending for over a year). See 20 C.F.R. § 404.1559(c)(3); *Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) (inconsistencies

4

sum, the Appeals Council's analysis complied with the governing regulations and provides an accurate and logical bridge from the evidence to the RFC. Thus, the Court finds that substantial evidence supports the decision of the Appeals Council and affirms that decision.

## III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **DENIED;**
2. Defendant's Motion for Summary Judgment (Doc. No. 11) is **GRANTED; and**
3. The Clerk is directed to close this matter in accordance with this Order.

Signed: June 18, 2020

Kenneth D. Bell
United States District Judge

---

between the claimant's allegations and the treatment sought to alleviate that condition is highly probative).